IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CARL E. WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 3:09-1140 |
| | ) JUDGE TRAUGER/KNOWLES |
| | ) |
| V.A. HOSPITAL/ | ) |
| GENERAL COUNSEL, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss filed by Eric K. Shinseki, Secretary of the Department of Veterans Affairs, whom the Motion identifies as "Defendant." Docket No. 8. Defendant argues that this action should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff has failed to state a claim upon which relief can be granted. Defendant has filed a supporting Memorandum (Docket No. 9), and Plaintiff has filed a document headed "Objection #1" (Docket No. 29), which the Court will construe as a Response to the instant Motion.

Plaintiff initially filed this action against Defendant in the Metropolitan General Sessions Court of Davidson County. Docket No. 1-1. The sole statement of Plaintiff's claims set forth in the Sessions Court Civil Warrant is as follows:

> [1] Violation of ADA (American Disability Act).
>
> [2] Violations of Tenn. Code Ann. 32-11-103; 63-1-117; 63-2-101;
> 63-6-214; 68-1-113; 68-1-118; 68-11-302; 68-11-304; 68-11-1522;

68-11-1802; 68-11-1808; 68-11-1811; 68-11-1812.

*Id.*

Defendant removed the General Sessions case to this Court on the basis that the Veterans Affairs Hospital is an agency of the United States. Docket No. 1. Defendant subsequently filed the instant Motion to Dismiss.

The United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

In the case at bar, Plaintiff has provided absolutely no facts. He has simply sued Defendant for "violation" of a federal statute and "violations" of a number of state statutes. He provides no facts whatsoever to support these legal allegations and conclusions. Because Plaintiff has so clearly failed to state a claim upon which relief can be granted, it is unnecessary

2

for the Court to discuss any of his arguments in response to the instant Motion.

The Court also notes that Plaintiff has filed a previous lawsuit in this Court against Defendant V.A. Hospital, Case No. 3:09-00956, United States District Court for the Middle District of Tennessee. The undersigned submitted a Report and Recommendation in that action recommending that Plaintiff's claims be dismissed for failure to state a claim. Docket No. 6. Judge Trauger subsequently accepted the Report and Recommendation and dismissed that action with prejudice. Docket No. 22.

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief can be granted, and Defendant's Motion to Dismiss (Docket No. 8) should be GRANTED, and this action should be DISMISSED WITH PREJUDICE.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

---

[1] A dismissal for failure to state a claim upon which relief can be granted is a dismissal on the merits. *See Federated Dept. Stores, Inc., v. Moitie,* 452 U.S. 394, 399 n.3. (1981); *Pratt v. Ventas, Inc.,* 365 F.3d 514, 522 (6th Cir. 2004).

3

_____
E. Clifton Knowles
United States Magistrate Judge

4