IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CARL E. WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:09-1140 |
| ) | Judge Trauger |
| V.A. HOSPITAL/ ) | |
| GENERAL COUNSEL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Pending before the court is the Magistrate Judge's August 27, 2010 Report and Recommendation ("R&R") (Docket No. 48), which recommended that the defendant's Motion to Dismiss (Docket No. 8) be granted and that this case be dismissed with prejudice. The plaintiff, Carl Watson, proceeding *pro se*, has filed objections to the R&R (Docket No. 55).

The Magistrate Judge recommended granting the Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) because the plaintiff's Complaint failed to state a claim for relief. (Docket No. 48 at 2.) That is, the plaintiff, in a Tennessee state court civil warrant (filed before this case was removed), only stated that he had a claim for "violation of ADA (American Disability Act)," along with claims under 13 state statutes. (Docket No. 1 at 1.) The warrant provided nothing more in the way of factual allegations, and no other pleading was filed. (*Id*.)

As the plaintiff had provided "absolutely no facts" to support "these legal allegations and conclusions," the Magistrate Judge recommended dismissing this case. (Docket No. 48 at 2,

1

citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009), which requires that, to survive a motion to dismiss for failure to state a claim, the plaintiff plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") Judge Knowles also noted that the plaintiff had previously filed a lawsuit against the same defendant in this court, which was also dismissed under Rule 12(b)(6). (*Id.* at 3.)

On September 23, 2010, the plaintiff filed a 71-page document titled "Objections." (Docket No. 55.) The document consists of: (1) correspondence between the plaintiff and the Tennessee Attorney General's office in which the plaintiff raises grievances against the court system and certain parties for his medical care and (2) briefs filed by the plaintiff in other cases that also apparently concerned the plaintiff's medical care, the treatment he received from his doctors, and surrounding issues of "libel" and "slander." (*Id.*)

When the Magistrate Judge issues an R&R on a dispositive motion, the court must review *de novo* any part of the R&R to which a specific objection has been made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

The plaintiff makes no specific objection to the R&R; rather, he provides correspondence and copies of his previous briefing in other cases. As the Magistrate Judge recognized, the plaintiff's Complaint is wholly insufficient under the *Iqbal* standard, and this case should be dismissed.

From March 12, 2010 to April 14, 2010, the plaintiff filed nine motions: (1) Motion for Hearing (Docket No. 23), (2) Motion to Accept FTCA Claim (Docket No. 24), (3) Motion to

2

Refer Criminal Charges (Docket No. 25), (4) Motion to Add Parties and Amend Complaint (Docket No. 26), (5) Motion to Refer Claim (Docket No. 27), (6) Motion for Subpoena (Docket No. 28), (7) Motion to Amend Subpoena (Docket No. 30), (8) Motion to Appoint Attorney (Docket No. 31), and (9) Emergency Motion to Stay Case Until June 1, 2010 (Docket No. 43). The defendant responded to all but the emergency motion, arguing that the motions were "frivolous," untimely, and improper, in part because some of the motions concern requests for criminal charges. (Docket No. 32 at 3.)

The court has reviewed the motions and they entirely fail to address the key issue identified by the Magistrate Judge; that is, the plaintiff has not filed a Complaint that properly states a cause of action as required under *Iqbal*.[1] As the motions (Docket Nos. 23-28, 30-31, and 43) do not address the fundamental problem properly identified by the Magistrate Judge, the motions are all **DENIED**.

The Report and Recommendation is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons stated therein and herein, it is hereby **ORDERED** that the defendant's Motion to Dismiss (Docket No. 8) is **GRANTED,** and this case is **DISMISSED WITH PREJUDICE**.

---

[1] Indeed, the proposed Amended Complaint (Docket No. 26 Ex. 1) maintains that this is a Federal Tort Claims Act case, but the plaintiff still provides no factual support for his allegations. His "statement of claim" section simply provides a recount of previous litigation in which the plaintiff has been involved (Docket No. 26 Ex. 1 at 2.)

3

It is so ordered.

Enter this 29th day of September 2010.

                                              ALETA A. TRAUGER
                                              United States District Judge

4